**VENABLE LLP**
Caitlin C. Blanche (SBN 254109)
 *cblanche@venable.com*
Shannon E. Beamer (SBN 331289)
 *sebeamer@venable.com*
Rita Mansuryan (SBN 323034)
 *rmansuryan@venable.com*
Kaidyn P. McClure (SBN 352627)
 *kpmcclure@venable.com*
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Defendant*
WELLA OPERATIONS US LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIA ANN STONE BOUKNIGHT, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLA OPERATIONS US, LLC; COTY, INC.; CLAIROL; KOHLBERG KRAVIS ROBERT & CO. a/k/a KKR & CO., INC.; BRISTOL-MYERS SQUIBB; PROCTER & GAMBLE HAIR CARE, LLC; JOHN PAUL MITCHELL SYSTEMS; and JOHN DOE CORPORATIONS 1-100, inclusive,<br><br>        Defendants. | Case No. 2:25-cv-04067<br><br>Hon.<br><br>**NOTICE OF REMOVAL AND REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT WELLA OPERATIONS US LLC**<br><br>[*Filed concurrently with Declaration of Shannon E. Beamer*]<br><br>[Los Angeles Superior Court Case No. 25STCV12051]<br><br>Action Filed:     April 23, 2025<br>Action Removed:  May 6, 2025<br>Trial Date:       None Set |

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wella Operations US LLC ("Wella" or "Defendant") removes Plaintiff Marcia Ann Stone Bouknight's ("Plaintiff") action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California.

In support of the removal, Wella respectfully states as follows:

1.      This is a civil action, filed on or about April 23, 2025, by Plaintiff Marcia Ann Stone Bouknight in the Superior Court of the State of California, County of Los Angeles, entitled *Marcia Ann Stone Bouknight v. Wella Operations US, LLC, et al.*, Los Angeles County Superior Court Case No. 25STCV12051. Attached to the Declaration of Shannon E. Beamer ("Beamer Decl.") as **Exhibits A-E** is a true and correct copy of the state court filings Defendant obtained, including the Complaint, Alternate Dispute Resolution Packet, Certificate of Mailing, and Minute Order re: Complex Designation, as well as the state court docket as of the time of filing.

2.      This case is properly removed to this Court under 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1]

3.      This action is among citizens of different states: (1) Plaintiff is, and was, at the time the Complaint was filed, a citizen of South Carolina; (2) Wella is now, and was at the time this action commenced, a citizen of California and Delaware; (3) Coty Inc. is a citizen of New York and Delaware; (4) the erroneously

---

[1] Defendant files this Notice of Removal without submitting or consenting to the personal jurisdiction of this Court and expressly reserves the right to challenge this Court's ability to exercise personal jurisdiction over Defendant in this case, including through a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

DEFENDANT WELLA OPERATIONS US LLC'S NOTICE OF REMOVAL AND REMOVAL OF ACTION

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1   named Clairol is not a separate entity but a brand name under Wella Operations US,

2   LLC, which, as aforementioned, is a citizen of California and Delaware; (5)

3   Kohlberg Kravis Robert & Co. a/k/a KKR & Co. Inc. is now, and was at the time

4   this action commenced, a citizen of New York and Delaware; (6) Bristol Myers

5   Squibb is now, and was at the time this action commenced, a citizen of Delaware

6   and New Jersey; (7) Procter & Gamble Hair Care, LLC is now, and was at the time

7   this action commenced, a citizen of Delaware and Ohio; and (8) John Paul Mitchell

8   Systems is now, and was at the time this action commenced, a citizen of California.

9        4.     Furthermore, the alleged amount in controversy exceeds $75,000,

10   exclusive of interest and costs, for the reasons more fully briefed below.

11   **I.     PROCEDURAL HISTORY**

12        5.     On April 23, 2025 Plaintiff filed a complaint for damages against

13   Defendants in Los Angeles Superior Court.[2] *See Marcia Ann Stone Bouknight v.*

14   *Wella Operations US, LLC, et al.*, case number 25STCV12051; Beamer Decl., ¶ 3,

15   **Ex. A**.

16        6.     Plaintiff's Complaint asserts six causes of action for (1) Strict

17   Liability—Failure to Warn; (2) Strict Liability—Design Defect – Risk-Utility Test;

18   (3) Strict Liability—Design Defect – Consumer Expectations Test; (4) Negligent

19   Failure to Warn; (5) Deceit by Concealment; (6) Violations of California Unfair

20   Competition Law (UCL). *See id.*, **Ex. A**.

21   **II.    ALL PROCEDURAL REQUIREMENTS ARE SATISFIED**

22        7.     Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of

23   which the district courts of the United States have original jurisdiction, may be

24   removed by the defendant or the defendants, to the district court of the United States

25   for the district and division embracing the place where such action is pending."

26

27

28
[2] All real Defendant entities named in this lawsuit have not been served or have consented to removal. Beamer Decl., ¶ 9.

DEFENDANT WELLA OPERATIONS US LLC'S NOTICE OF REMOVAL AND REMOVAL OF ACTION

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1    8.    Pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a), this Notice of

2  Removal is being filed in the United States District Court for the Central District of

3  California. Venue for this action is proper in this Court under 28 U.S.C. § 1441(a)

4  because Los Angeles County is located within the United States District Court for

5  the Central District of California. *See* 28 U.S.C. § 84(c). Accordingly, the Central

6  District of California is the federal "district and division embracing the place where

7  such action is pending." 28 U.S.C. § 1441(a).

8    9.    Wella's removal is timely under 28 U.S.C. § 1446(b)(1) because Wella

9  has not been properly served with the Complaint. Thus, Wella's time to remove this

10  case has not expired. Beamer Decl., ¶ 2.

11    10.    On information and belief, no other Defendant in this action has been

12  served to date. It is the longstanding rule in the Ninth Circuit that defendants named

13  but not yet served in the state court action need not join in a notice of removal. *See,*

14  *e.g., Cmty. Bldg. Co. v. Maryland Cas. Co.*, 8 F.2d 678, 679 (9th Cir. 1925)

15  ("defendants over whom the court has not acquired jurisdiction may be disregarded

16  in removal proceedings"); *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011)

17  ("Because none of the non-joining defendants was properly served, their absence

18  from the removal notice did not render the removal defective.")

19    11.    There has been no process, pleadings, or orders properly served upon

20  Wella in this action. 28 U.S.C. § 1446(a). However, Wella concurrently files

21  herewith true and correct copies of all process, pleadings, and orders found on the

22  docket of the Los Angeles Superior Court for this matter. Beamer Decl., **Exs. A-E**.

23  The other defendants, the unknown "DOES 1-100," are not required to join in or

24  consent to removal. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756,

25  762 (9th Cir. 2002) (noting that the "rule of unanimity" for removal does not apply

26  to "nominal, unknown or fraudulently joined parties"); *Fristoe v. Reynolds Metals*

27  *Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) (holding that removal to federal court was

28  proper as "the unknown defendants sued as 'Does' need[ed] not be joined in a

-3-

1   removal petition").Thus, Defendants may remove without any other parties'
2   concurrence.

3        12.    Pursuant to 28 U.S.C. § 1446(d), Wella shall serve written notice of this
4   removal to Plaintiff and is filing the notice with the Clerk of the Los Angeles
5   Superior Court. Proof of the same will be filed with this Court.

6   **III.   DIVERSITY JURISDICTION**

7        13.    This Court has subject matter jurisdiction over this action under 28
8   U.S.C. § 1332(a)(1) on the grounds that there is complete diversity citizenship
9   between Plaintiff and Defendants and the amount in controversy exceeds $75,000
10  exclusive of interest and costs.

11      **A.   There Is Complete Diversity of Citizenship**

12         **1.   Plaintiff's Citizenship**

13       14.    Plaintiff is a citizen of Newberry County in the state of South Carolina.
14  Beamer Decl., **Ex. A** (Compl., ¶ 1.)

15         **2.   Defendants' Citizenships**

16       15.    For the purposes of diversity, a corporation is deemed to be a citizen of
17  the state in which it has been incorporated and where it has its principal place of
18  business. 28 U.S.C. § 1332(c)(1).

19       16.    For diversity purposes, a limited liability company "is a citizen of every
20  state of which its owners/members are citizens." *Johnson v. Columbia Props.*
21  *Anchorage, LP*, 437 F. 3d 894, 899 (9th Cir. 2006).

22       17.    Wella Operations US LLC is incorporated in Delaware and maintains
23  a principal place of business in California. Beamer Decl., ¶ 8. Its sole member is
24  Waves UK DivestCo Ltd, which is a UK company. The erroneously named
25  defendant Clairol is not a separate entity, but a brand name under Wella Operations
26  US LLC. Thus, for diversity purposes, the erroneously named Clairol and Defendant
27  Wella Operations US LLC are citizens of Delaware, California, and the UK, and are
28  completely diverse from Plaintiff.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-4-
DEFENDANT WELLA OPERATIONS US LLC'S NOTICE OF REMOVAL AND REMOVAL OF ACTION

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

18.     Coty Inc. is incorporated in Delaware and maintains a principal place of business in New York. Thus, for diversity purposes, Coty, Inc. is a citizen of Delaware and New York and is completely diverse from Plaintiff.

19.     Kohlberg Kravis Robert & Co. a/k/a KKR & Co. Inc. is incorporated in Delaware and maintains a principal place of business in New York. Thus, for diversity purposes KKR & Co. Inc. is a citizen of Delaware and New York and is completely diverse from Plaintiff.

20.     Bristol Myers Squibb is incorporated in Delaware and maintains a principal place of business in New Jersey. Thus, for diversity purposes Bristol Myers Squibb is a citizen of Delaware and New Jersey and is completely diverse from Plaintiff.

21.     Procter & Gamble Hair Care, LLC is incorporated in Delaware and maintains a principal place of business in Ohio. Procter & Gamble Hair Care, LLC is a wholly owned subsidiary of P&G Hair Care Holding, Inc., which is incorporated in Delaware and maintains a principal place of business in Ohio. Thus, for diversity purposes, Procter & Gamble Hair Care, LLC is a citizen of Delaware and Ohio and is completely diverse from Plaintiff.

22.     John Paul Mitchell Systems is incorporated in California and has a principal place of business in California. Thus, for diversity purposes, John Paul Mitchell Systems is a citizen of California and is completely diverse from Plaintiff.

23.     As of the time of filing this Notice of Removal, John Paul Mitchell Systems has not been properly joined and served with Plaintiff's Complaint.

24.     Although Wella Operations US LLC and John Paul Mitchell Systems are citizens of California, their citizenship does not make removal improper under either 28 U.S.C. §§ 1332(a)(1) or 1441(b)(2) because they have not been properly joined and served. *Zirkin v. Shandy Media, Inc.*, 2019 WL 626138, at *2 (C.D. Cal. Feb. 14, 2019), citing *Monfort v. Adomani*, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019) ("the Forum Defendant Rule does not bar an in-state defendant from

DEFENDANT WELLA OPERATIONS US LLC'S NOTICE OF REMOVAL AND REMOVAL OF ACTION

1    removing an action before the defendant is served"); *Country Cas. Ins. Co. v.*

2    *Hyundai Motor Am.*, 2025 WL 242194, at \*2 (C.D. Cal. Jan. 16, 2025) ("[T]he plain

3    text of § 1441(b)(2) does not create a bar to removal unless the forum defendant has

4    been "properly joined and served."); *Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 n.17

5    (9th Cir. 2024) ("Three sister circuits have held that § 1441(b)(2), by its plain text,

6    permits snap removals…"). Plaintiff's complaint was endorsed as officially filed by

7    the clerk of Los Angeles Superior Court on April 23, 2025 at 4:22 PM. Beamer

8    Decl., **Ex. A** (Compl., p. 1).

9          **3.**      **Doe Defendants Are Disregarded for Diversity Purposes**

10        25.     As stated above, any potential "Doe" defendants are disregarded for the

11   purposes of diversity, as these are fictitious defendants.[3] *See* 28 U.S.C. § 1441(b)(1)

12

13   _____

     [3] In the event that any DOE defendants are forum defendants, i.e., citizens of
14   California for diversity purposes, it is not a bar to removal under 28 U.S.C. section
     1441(b), which provides that removal is allowed only if "none of the parties in
15   interest properly joined and served as defendants is a citizen of the State in which
     such action is brought."  28 U.S.C. § 1441(b).  Under the plain language of Section
16   1441(b), the no forum defendant rule applies only once such defendant has been
     properly joined and served. *Id.*; *see also Allen v. Eli Lilly & Co.*, 2010 WL 3489366,
17   at \*2 (S.D. Cal. Sept. 2, 2010) (denying motion to remand and upholding the removal
18   of the action, finding the presence of local defendants did not preclude removal
     jurisdiction because no local defendant was a party to the action at the time of
19   removal and complete diversity of the parties continues to exist after the local
20   defendants were or are served and made parties); *Zirkin v. Shandy Media, Inc.*, 2019
     WL 626138, at \*2 (C.D. Cal. Feb. 14, 2019) (denying motion to remand and
21   upholding the forum defendants' removal before service, finding "the Forum
22   Defendant Rule did not bar an in-state defendant from removing an action before the
     defendant is served."); *May v. Haas*, 2012 WL 4961235, at \*3 (E.D. Cal. Oct. 16,
23   2012) (denying motion to remand and upholding the removal of the action, finding
24   that the forum defendant had not been served at the time the non-forum defendant
     removed the case and complete diversity continues to exist between the parties after
25   the forum defendant has been served.); *Loewen v. McDonnell*, 2019 WL 2364413,
26   at \*9 (N.D. Cal. June 5, 2019) (denying motion to remand, finding the removal was
     effective before any forum defendant was served and complete diversity continues
27   to exist between the parties); *id.* at \*7 (holding "the Northern District of California
28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-6-

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1  ("In determining whether a civil action is removable on the basis of the jurisdiction

2  under section 1332(a) of this title, the citizenship of defendants sued under fictitious

3  names shall be disregarded."); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686,

4  690–91 (9th Cir. 1998).

5      26.    Further, Plaintiff does not make any specific allegations against any

6  potential "Doe" defendants. *See generally*, Beamer Decl., **Ex. A**.

### 4.    Complete Diversity Exists

7

8      27.    The diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied given

9  that Plaintiff is a citizen of South Carolina, no Defendant is a citizen of South

10  Carolina, and the citizenship of potential Doe Defendants are irrelevant.

### 5.    The Amount in Controversy Exceeds $75,000

11

12      28.    Plaintiff claims damages in excess of the $75,000 threshold in 28

13  U.S.C. § 1332(a).[4]

14      29.    "[T]he notice of removal may assert the amount in controversy if the

15  initial pleading seeks: (i) nonmonetary relief; or (ii) a money judgment, but the State

16

17  has consistently held a defendant may remove an action prior to receiving proper
service, even when the defendant resides in the state in which the plaintiff filed the
18  state claim"); *Cucci v. Edwards*, 510 F. Supp. 2d 479, 482 (C.D. Cal. 2007) (holding
that "a resident defendant who has not been served may be ignored in determining
19  removability"); *City of Ann Arbor Employees' Retirement Sys. v. Gecht*, 2007 WL
20  760568, at *8 (N.D. Cal. Mar. 9, 2007) (holding that "[p]laintiff should have been
cognizant of the fact that a nonresident defendant could remove a case without
21  having been served"); *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629
22  (N.D. Cal. 1991) (denying motion for remand where local defendant had not been
served at time of removal).
23
[4] Wella acknowledges only that the amount Plaintiff puts in controversy in her
24  Complaint exceeds $75,000, but neither admits nor concedes the truth of any of
Plaintiff's allegations or that Plaintiff is entitled to relief in that amount or any
25  amount whatsoever. Wella expressly denies all of Plaintiff's allegations,
contentions, causes of actions, claims, and damages, and reserves all defenses and
26  rights. *See Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (to
27  establish the jurisdictional amount, a removing defendant need not concede liability
for that amount).
28

-7-

DEFENDANT WELLA OPERATIONS US LLC'S NOTICE OF REMOVAL AND REMOVAL OF ACTION

1  practice either does not permit demand for a specific sum or permits recovery of

2  damages in excess of the amount demanded[.]" 28 U.S.C. § 1446(c)(2)(A).

3      30.    "[W]hen a defendant seeks federal-court adjudication, the defendant's

4  amount-in-controversy allegation should be accepted when not contested by the

5  plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v.*

6  *Owens*, 574 U.S. 81, 87 (2014).

7      31.    Removal is proper where the "district court finds, by the preponderance

8  of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.

9  28 U.S.C. § 1446(c)(2)(B). "Under [the preponderance of the evidence] burden, the

10  defendant must provide evidence establishing that it is 'more likely than not' that

11  the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins.*

12  *Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This "burden is not daunting, as courts

13  recognize that under this standard, a removing defendant is not obligated to research,

14  state, and prove the plaintiffs' claims for damages." *Korn v. Polo Ralph Lauren*

15  *Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted);

16  *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he

17  parties need not predict the trier of fact's eventual award with one hundred percent

18  accuracy").

19      32.    In measuring the amount in controversy, a court must assume that the

20  allegations of the complaint are true and that a jury will return a verdict for the

21  plaintiff on all claims made in the complaint. *Kenneth Rothschild Tr. v. Morgan*

22  *Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) citing *Burns v.*

23  *Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (The "amount in controversy

24  analysis presumes that 'plaintiff prevails on liability' "). Put differently, "[t]he

25  amount in controversy is simply an estimate of the total amount in dispute, not a

26  prospective assessment of [the defendant's] liability." *Lewis v. Verizon Commc'ns,*

27  *Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

28      33.    Economic damages, non-economic damages, general damages,

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-8-

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1 attorneys' fees, punitive damages, and injunctive relief are all included in

2 determining the amount in controversy. *See Anthony v. Sec. Pac. Fin. Servs., Inc.*,

3 75 F.3d 311, 315 (7th Cir. 1996) (Prayer for actual and punitive damages included

4 in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

5 1155-56 (9th Cir. 1998) (Prayer for attorneys' fees included in determining the

6 amount in controversy where potentially recoverable by statute).

7     34.    In her complaint, Plaintiff prays for "[p]ast and future" "general

8 damages," "economic and special damages," "medical expenses," and "pain and

9 suffering" for her alleged diagnosis of bladder cancer. *See* Beamer Decl., **Ex. A**

10 (Compl. at pp. 33-34). Plaintiff also seeks "Attorney's fees" and "Punitive or

11 exemplary damages." *Id.* at 34.

12     35.    Courts have found that the amount in controversy requirement is

13 satisfied when a complaint alleges serious bodily injuries. *Fjelstad v. Vitamin*

14 *Shoppe Indus. LLC*, 2021 WL 364638, at *4 (C.D. Cal. Feb. 3, 2021) ("in cases

15 alleging 'severe injuries, especially those requiring surgery, courts have found it

16 facially apparent from the complaint that the amount in controversy was satisfied'

17 despite the plaintiffs' failure to plead a dollar amount.") (citations omitted). Here,

18 Plaintiff alleges that they developed cancers and incurred substantial medical

19 expenses, as well as pain and suffering.

20     36.    Therefore, it is apparent from the face of the Complaint that the alleged

21 injuries result in an amount in controversy exceeding $75,000.

22 **IV.    RESERVATION OF DEFENSES AND RIGHTS**

23     37.    By removing this action from the Los Angeles Superior Court, Wella

24 neither admits any of the allegations in Plaintiff's Complaint nor waives any

25 defenses or rights.

26     38.    By removing this case to federal court, Defendants do not consent to

27 personal jurisdiction, do not concede that this Court is a convenient forum, and do

28 not waive any of their defenses or objections under Federal Rule of Civil Procedure

-9-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

12(b), or otherwise. *See, e.g., Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) ("A defendant's election to remove a case to federal court does not waive a personal jurisdiction defense.").

39.    This Notice of Removal has been signed pursuant to Fed. R. Civ. P. 11.

40.    If Plaintiff seeks to remand this case to state court, Defendants respectfully ask that they be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event that the Court decides that remand is proper, Defendants ask that the Court retain jurisdiction and allow them to file a motion asking this Court to certify any remand order for interlocutory review by the Ninth Circuit, pursuant to 28 U.S.C. § 1292(b).

## V.    **CONCLUSION**

41.    Removal is proper given that all requirements for removal under 28 U.S.C. § 1332(a) have been met; there is complete diversity citizenship between the parties; and the amount in controversy exceeds $75,000.

42.    Wella respectfully requests that these proceedings be removed to this Court.

Dated:  May 6, 2025                     VENABLE LLP

                                        /s/ *Shannon E. Beamer*
                                 By: _____
                                        Shannon E. Beamer
                                        Caitlin C. Blanche
                                        Rita Mansuryan
                                        Kaidyn P. McClure

                                        *Attorneys for Defendant*
                                        WELLA OPERATIONS US LLC